IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **GAYLE H. GEAR,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. 09-970-TFM** |
| | * | |
| **ALABAMA STATE UNIVERSITY,** | * | |
| **a body politic; Elton Dean, in his** | | |
| **official capacity as Chairman of the** | * | |
| **Board of Trustees of Alabama State** | | |
| **University; Oscar Crawley, Bobby** | * | |
| **Junkins, Taylor Hodge, Buford** | | |
| **Crutcher, Thomas Figures, Lawrence** | * | |
| **Lemak, Marvin Wiggins, and** | | |
| **Herbert Young, in their Official** | * | |
| **Capacities as Members of the** | | |
| **Board of Trustees of Alabama** | * | |
| **State University,** | | |
| | * | |
| **Defendants.** | | |

## FIRST AMENDED COMPLAINT

Pursuant to Rule 15(a)(1)(A), plaintiff amends her complaint by adding thereto,

Count III, so that the complaint shall state, in its entirety, as follows:

## NATURE OF THE ACTION

This is an action under 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of

1964, as amended by the Civil Rights Act of 1991, to correct unlawful employment

practices on the basis of race and gender, and to obtain declaratory and injunctive relief

1

from this Court.  The Plaintiff, Dr. Gayle H. Gear (hereinafter "Dr. Gear"), alleges that Defendants, Alabama State University (hereinafter "ASU"), and the Members of the Board of Trustees of ASU, in their official capacities (hereinafter "Defendants"), engaged in discrimination and disparate treatment based on race and gender against applicants in the selection of a president.

This action is brought under 42 U.S.C. § 1983 due to the expedited nature of the relief sought by Dr. Gear.  Dr. Gear has filed a charge of discrimination based upon race and gender with the Equal Employment Opportunity Commission (hereinafter "EEOC") and requested that the United States Department of Justice promptly issue a notice of right to sue.   Dr. Gear will promptly amend this Complaint to allege perfection of Title VII jurisdiction when she receives the notice of right to sue.

## JURISDICTION AND VENUE

1.      Dr. Gear brings this action pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e and 2000e-2,  *et seq*.

2.      Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331 and 1343 and 42 U.S.C. Sec. 2000e, *et seq*.

3.      This action is brought within the State where the unlawful employment practice was committed, making venue proper under 42 U.S.C. Section 2000e-5(f)(3).

## PARTIES

2

4.      Dr. Gear is a citizen of the United States and of the State of Alabama.  Dr. Gear is a white female.

5.      Defendant ASU is an employer within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.  Defendant ASU is located and operates within this District and Division.

6.      Defendant Elton Dean, sued in his official capacity, is the Chair of the Board of Trustees of ASU.

7.      Defendants, Oscar Crawley, Bobby Junkins, Taylor Hodge, Buford Crutcher, Thomas Figures, Lawrence Lemak, Marvin Wiggins, and Herbert Young, are sued in their official capacities, as Members of the Board of Trustees of ASU.

## **FACTS**

8.      On Saturday, July 25, 2009, the Defendants unanimously voted to select interim president, William H. Harris (hereinafter "Harris"), to fill the vacancy of president of ASU.  Harris was given a three (3) year contract which was effective immediately after the Defendants' vote.  Harris is a black male.

9.      Harris replaces former ASU president, Joe A. Lee (hereinafter "Lee"), who resigned in May 2008.  Harris, who previously served as president at ASU from 1994 to 2000, but was relieved from his duties, had been serving as interim president at ASU for

approximately one (1) year prior to being named permanent president.

10.     The Defendants historically have discriminated against applicants based on race and gender by failing to consider all applicants, and instead "hiring from within," creating a pattern and practice of disparate treatment of job applicants.  Craig v. Alabama State University, et al, 451 F.Supp. 1207 (MD Ala 1978, affd 614 F.2d 1295 (5th Cir. 1980), and, Craig v. Alabama State University, et al, 804 F.2d 682 (11th Cir. 1986).

11.     The Defendants purport to have formed a presidential search committee following the resignation of Lee.  Dr. Gear alleges said committee was pretext used by the Defendants to circumvent federal law and the University's own internal policies, continuing a pattern and practice of disparate treatment of job applicants based on race and gender.

12.     The ASU Affirmative Action Plan was drafted immediately following the decision in the *Craig* case.  With regard to recruitment and hiring of non-academic staff, the Affirmative Action Plan mandates that all vacancies or new positions will be listed with the Office of Personnel and Human Relations, will be posted for a minimum of thirty (30) days on the employee bulletin boards, and published in all appropriate University publications.

13.     The ASU Non-Academic Staff Handbook (hereinafter "the Handbook") further enforces the ASU Affirmative Action Plan and the Order in the *Craig* case by

providing regulations, policies, and procedures for the handling of personnel matters relating to the non-academic work force.  The Handbook defines "Racial Minority," as applied to ASU, as referring to "non-blacks."  The Handbook, Section 2.0 - "Employment Policies," specifically Section 2.3 - "Recruitment, Screening and Appointment," states that the University actively and affirmatively places emphasis on the recruitment and screening of women and non-black applicants and that the University avails itself of the traditional channels of recruitment which include the Alabama State Employment Service, advertisements in newspapers and professional journals, campus newspapers and community and technical colleges.

14.     Dr. Gear is a racial minority as defined by ASU.  Dr. Gear alleges, on information and belief, that the search committee never posted or advertised the vacancy for president in any manner, in violation of both the Affirmative Action Plan adopted by ASU and the internal employment policies of ASU.

15.     Dr. Gear is a white female applicant with extensive experience in the field of education.  Upon learning that Lee had resigned as president of ASU, Dr. Gear sent written correspondence, dated June 19, 2009, along with her resume, to Harris, ASU's interim president.  Dr. Gear also sent copies of the June 19, 2009, correspondence and her resume to Elton Dean, Chairman of the Board of Trustees, and to each ASU Trustee.  In the June 19, 2009, correspondence, Dr. Gear expressed her interest in the president's position at ASU and requested to be considered as a candidate for the same.

16.     To date, Dr. Gear has received no response to her request to be considered as a candidate for the position of president.

17.     Dr. Gear has filed a charge of discrimination based upon race and gender with the EEOC and requested that the United States Department of Justice promptly issue a notice of right to sue.

### COUNT I: VIOLATION OF 42 U.S.C. § 1983

18.     Dr. Gear realleges and incorporates herein by reference Paragraphs 1 through 17 above as if they are recopied and restated herein in full.

19.     Defendants refused to consider Dr. Gear, and also refused to hire her as president, based on race and gender discrimination.  The actions of the Defendants denied Dr. Gear equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.  The Defendants actions in refusing to even consider Dr. Gear as an applicant based on her race and gender are in violation and deprivation of the Fourteenth Amendment's protection against intentional discrimination.

### COUNT II: TITLE VII

20.     Dr. Gear realleges and incorporates herein by reference Paragraphs 1 through 19 above as if they are recopied and restated herein in full.

21.     Defendants refused to consider Dr. Gear, and also refused to hire her as president, based on race and gender in violation of Title VII.

22.     Dr. Gear is a female, "racial minority," as defined by ASU.  Dr. Gear is more qualified to serve in the position of president at ASU than the African American male individual who was selected by the Defendants.

## COUNT III - OTHER STAFF VACANCIES

23.     Dr. Gear realleges and incorporates by reference, Paragraphs 1 through 22 above, as if they were recopied and restated herein, in full.

24.     During the two year period prior to the filing of this matter, there were various vacancies in non-academic, administrative positions at ASU for which Dr. Gear was well qualified.

25.     Defendants failed to follow the requirements of ASU's internal policies, its affirmative action plan, its handbook and the requirements of the Court in  Craig v. Alabama State University, et al, 451 F.Supp. 1207 (MD Ala 1978, affd 614 F.2d 1295 (5th Cir. 1980), and, Craig v. Alabama State University, et al, 804 F.2d 682 (11th Cir. 1986).

26.     As a result of the deficiencies of the defendants as set out herein, plaintiff was unable to apply for employment in any of these vacant positions even though she was qualified to perform the requirements of such positions.

27.     The actions of the defendants denied Dr. Gear equal protection of the laws

7

guaranteed by the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983 as well as Title VII.

WHEREFORE, Plaintiff, Dr. Gear, respectfully requests that this Court grant the following relief:

A.      Grant declaratory judgment that the practices complained of herein are in violation of the provisions of  42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, and the 1991 amendments thereto;

B.      Grant an injunction prohibiting Harris from serving in the position of ASU president, and restoring Harris as interim president;

C.      Grant an order enjoining the Defendants to establish a search committee which shall comply with the Affirmative Action Plan of ASU and the internal policies of ASU, by advertising the position of president, considering all qualified applicants, and selecting a president in a manner which does not violate the law;

D.      Award Plaintiff her costs and expenses, including an award of reasonable attorney fees; and,

E.      Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

8

Respectfully submitted,

Attorneys for Plaintiff
Allison Kahalley [KAH006]
J. Cecil Gardner [GAR039]
THE GARDNER FIRM, P. C.
1119 Government Street
Mobile, AL 36604
Telephone:  (251) 433-8100
Fax:  (251) 433-8181
akahalley@thegardnerfirm.com
jcg@thegardnerfirm.com

By:   *s/J. Cecil Gardner*
        J. CECIL GARDNER

            and

Gregory B. Stein [STE055]
STEIN, BREWSTER & PILCHER, LLC
P.O. Box 1051
Mobile, Alabama 36633
Telephone:  (251) 433-2002
Fax: (251) 432-7756
gstein@steinandbrewster.com

            and

Amardo Wesley Pitters [ASB No.: 8998-T64A]
A. WESLEY PITTERS, P.C.
1145 South Perry Street
P. O. Box 1973 (36102-1973)
Montgomery, Alabama 36104
Telephone: (334) 265-3333
Fax: (334) 265-3411
awpitters@pitterslawfirm.com

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 27, 2009,  I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed

the document by United States Postal Service to the following non CM/ECF participants:

Alabama State University
915 S. Jackson Street
Montgomery, AL 36101

Buford L Crutcher
3423 Tall Timbers Cir NW
Huntsville, AL 35810-3246

Elton N. Dean, Sr.
3550 Audubon Road
Montgomery, AL  36111

Thomas H. Figures
6120 Palomino Dr
Mobile, AL 36693-3738

Oscar Crawley
P. O. Box 290
Lanett, AL 36863-0290

Lawrence J. Lemak
2801 Cherokee Road
Birmingham, AL 35223

Bobby M. Junkins
P. O. Box 187
Gadsden, AL 35901.

Marvin Wiggins
P. O. Box 462
Greensboro, AL 36744

Taylor H. Hodge, Jr.
1619 Charmey St
Mobile, AL 36609-2878

Herbert Young
5770 Willow Lake Drive
Hoover, AL  35244

Respectfully submitted,

*s/J. Cecil Gardner*